IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIN MICHELLE SALEM, )
)
      Plaintiff, )
)
v. ) Civil Action No. 15-1453
)
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
      Defendant. )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 24th day of January, 2017, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for DIB on October 11, 2012, alleging a disability onset date of August 27, 2012, due to Crohn's disease and other gastrointestinal problems and depression and anxiety.[1] Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on January 29, 2014, at which plaintiff, represented by counsel, appeared and testified. On May 19, 2014, the ALJ issued a decision finding that plaintiff is not disabled. On October 6, 2015, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 32 years old on the date of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c). She has at least a high school education and has past relevant work experience as a graphic designer, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has the severe impairments of Depression/Anxiety and Crohn's Disease status/post Ileal Resection, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity ("RFC") to engage in work at the light exertional level but with numerous restrictions necessary to accommodate her physical and mental impairments.[2] Taking into account these restrictions, a vocational expert

---

[1] The ALJ found that plaintiff last met the insured status requirements of the Act on December 31, 2016.

[2] Specifically, the ALJ determined that plaintiff has the RFC to perform light work with the following additional limitations: she can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she must avoid

AO 72
(Rev. 8/82)

identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including sorter, garment bagger and marker. Relying on the vocational expert's testimony, the ALJ found that although plaintiff is unable to perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is

---

concentrated exposure to extreme heat and cold, and hazards such as inherently moving machinery and unprotected heights; she can perform routine, repetitive tasks at the SVP 1 or 2 levels, in a static, low stress environment with infrequent changes. Any changes that do occur would be explained and/or demonstrated and could be learned in thirty days or less. Work must not be fast-paced or have strict production or time quotas. The individual must not be responsible for the health or safety of others. She can have only occasional interaction with others. (R. 18).

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §§404.1520a.

found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff's primary challenge to the ALJ's decision is that the ALJ improperly evaluated the medical evidence by failing to give controlling weight to the opinion of her treating physician. Alternatively, plaintiff requests a remand of this case so that the ALJ may consider additional records that were not previously before the ALJ but were submitted for the first time to the Appeals Council. Upon review, the court is satisfied that the ALJ correctly evaluated all of the medical evidence under the appropriate standards and that his evaluation of that evidence is supported by substantial evidence. In addition, the court finds that a new evidence remand is not warranted in this case.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff argues that the ALJ erred in giving "little weight" to the opinion of her treating physician, Dr. Kim Pierce, who completed a medical source statement regarding plaintiff's ability to perform work-related physical activities and a medical statement regarding pain. (R. 353-357). Dr. Pierce opined that plaintiff is "unable to concentrate or focus due to severe fatigue," (R. 353), and indicated that plaintiff has marked restrictions in activities of daily living, marked difficulty in maintaining social functioning and deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner. (R. 355). Dr. Pierce concluded that plaintiff's pain, anxiety and depression would make "any meaningful work impossible." (R. 357). Plaintiff contends that Dr. Pierce's opinion is entitled to controlling weight.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(c)(2); Fargnoli,

AO 72
(Rev. 8/82)

247 F.3d at 38. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(c).

Importantly, the opinion of any physician, including a treating physician, as to the claimant's residual functional capacity, or on the ultimate determination of disability, never is entitled to special significance. 20 C.F.R. §404.1527(d); SSR 96-5p. "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Rather, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); *see* 20 C.F.R. §§404.1527(d)(2) and (3) & 404.1546(c).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ's decision specifically addressed the opinion of Dr. Pierce and adequately explained why the ALJ was according that opinion "little weight." (R. 20). Specifically, the ALJ observed that Dr. Pierce's opinion as to plaintiff's mental domains of functioning is inconsistent with plaintiff's own reported activities. (Id.) Instead, the ALJ chose to give "great weight" to the opinion of the state agency physician, Dr. Wyszomierski, as to plaintiff's physical limitations, and "some weight" to the opinion of state agency psychologist, Dr. Link, who found only moderate limitations in plaintiff's abilities relating to concentration, persistence or pace. (R. 21).

The court finds no error in the ALJ's evaluation of Dr. Pierce's report. Initially, as already noted, it is for the ALJ alone to make the ultimate determination of disability, and the opinion of any medical source that a claimant is disabled is not entitled to any special significance. Chandler, 667 F.3d at 361; 20 C.F.R. §404.1527(d). Moreover, the objective medical evidence as outlined by the ALJ throughout his decision, as well as plaintiff's own reported activities,[4] simply do not support Dr. Pierce's opinion that plaintiff's impairments make "any meaningful work impossible."

Although plaintiff further argues that Dr. Pierce's opinion is supported by other substantial evidence in the record, namely the assessment of treating source Dr. Long and the reports of Dr. Roseman, the ALJ expressly addressed Dr. Long's opinion that plaintiff has "extreme" and "marked" limitations in numerous areas of functioning and determined it was entitled to little weight because it "does not reference medical or clinical findings beyond [plaintiff's] diagnoses." (R. 21). Moreover, Dr. Roseman's treatment records consistently show that plaintiff was "stable" and "doing well" on her medications. (R. 348; 351; 433).

The court also finds no error in the ALJ's decision to give more credence to the assessments of the state agency physician and psychologist than to that of Dr. Pierce. It is well-settled that "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records ... [s]tate agent opinions merit significant consideration as well." Chandler, 667 F.3d at 361. Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(e)(2)(i). Accordingly, while not bound by findings

---

[4] Contrary to plaintiff's assertion, the ALJ did not err in considering plaintiff's reported daily activities in evaluating Dr. Pierce's opinion. While it is true that sporadic and transitory activities of daily living cannot be used to show an ability to engage in substantial gainful activity, *see* Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, the ALJ properly observed that Dr. Pierce's opinion that plaintiff's limitations are debilitating is not consistent with the other evidence in the record, including plaintiff's own reported daily activities.

AO 72
(Rev. 8/82)

made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(e)(2)(ii); SSR 96-6p. Substantial evidence in the record supports the ALJ's conclusion in this case that the opinion of the state agency physician, which the ALJ gave "great weight," and the state agency psychologist, which the ALJ gave "some weight,"[5] are more consistent with the totality of the evidence than that of Dr. Pierce, and therefore were entitled to more weight.[6]

It is axiomatic in social security cases that the ALJ must give some indication of the evidence that she rejects and the reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Here, the ALJ reviewed and discussed all of the pertinent medical evidence and comprehensively explained his reasons for giving each relevant opinion the weight that he gave it. (R. 19-21). In essence, plaintiff now is asking the court to re-weigh the medical evidence and arrive at a different conclusion than the ALJ. However, this court's task is not to conduct a *de novo* review nor to re-weigh the evidence; rather, review is limited to determining whether the ALJ's decision is supported by substantial evidence. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

---

[5] In this regard, the ALJ found that the opinion of the state agency psychologist was only entitled to "some" weight because it did not adequately account for plaintiff's limitations in social functioning. The state agency psychologist found only "mild" limitations in social functioning but the ALJ determined that the record supported a finding of "moderate" limitations in that area. (R. 21).

[6] The court also finds no merit to plaintiff's suggestion that the ALJ improperly relied on the assessments of the state agency medical sources because they were rendered without the benefit of Dr. Pierces's subsequent assessment. The Third Circuit Court of Appeals has rejected the argument that the mere lapse of time between a state agency physician's review of the record and the subsequent administrative hearing makes it improper for the ALJ to rely on the opinion. *See* Chandler, 667 F.3d at 361 (recognizing that "[the Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it"). Rather, it is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id. (*citing* SSR 96-6p). Here, it is clear that *the ALJ* considered all of the medical evidence, including Dr. Pierce's assessment, but determined that the subsequent medical evidence did not alter the conclusion of the state agency medical sources.

Plaintiff alternatively asks that this case be remanded in order for the ALJ to consider additional records that were submitted for the first time to the Appeals Council. These records consist of: (1) a letter from psychologist Foster L. Hutchinson dated July 31, 2014; (2) records from Sewickley Primary Care dated October 28, 2013, to May 12, 2014; (3) records from Dr. Sandra El-Hacem dated November 19, 2013, to August 19, 2014; and, (4) records from Sewickley Medical Oncology dated April 28, 2014, to May 19, 2014. (R. 469-517). Upon review, this court finds that a new evidence remand is not warranted in this case.

Generally, when a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. *See* Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See also* Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy *all three* requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews, 239 F.3d at 594 (emphasis added); Szubak, 745 F.2d at 833.

Here, plaintiff can meet none of the requirements. In order to support a sentence 6 remand, "the evidence must first be 'new' and not merely cumulative of what already is in the record." Szubak, 745 F.2d at 833. "Evidence is new if it was not and could not have been presented at the prior administrative proceeding." DeMoss v. Heckler, 706 F.Supp. 303, 308 (D.Del. 1988). In this case, all of the records from both Sewickley Primary Care and Sewickley Medical Oncology, and nearly all of the records from Dr. El-Hacem, predate the ALJ's decision. Accordingly, because this evidence clearly was in existence prior to the ALJ's decision and could have been presented below,

AO 72
(Rev. 8/82)

it is not "new" evidence, and a remand for consideration of these records would not be appropriate in this case. *See* Edwards v. Astrue, 525 F.Supp.2d 710, 712-13 (E.D.Pa. 2007) ("Where the allegedly new and material evidence was in existence before the ALJ's decision, remanding a case pursuant to sentence six would 'eliminate plaintiff's responsibility to present her case for disability before the [Commissioner]' and fail to serve the principle that new evidence remands 'should be narrowly circumscribed to facilitate the speedy disposition of meritorious claims'")(citations omitted).

Secondly, plaintiff has not shown that the any of the records, including Dr. Hutchinson's letter dated two months after the ALJ's decision, are material, *i.e.*, that there is a reasonable probability that the evidence would have changed the outcome of the disability determination. Szubak, 745 F.2d at 833. As to this requirement, plaintiff refers to the records from Dr. El-Hacem, which she speculates are material because they "reflect the assessments of a new specialist," and the results of imaging studies, which she contends corroborate plaintiff's testimony. However, the court notes that the Appeals Council specifically observed that the information in these records does not provide a basis for changing the ALJ's determination, and, even if any of this information arguably could be deemed material, as already discussed, it is not new because it could have been presented below.

Nor has plaintiff shown good cause for not incorporating the documents at issue into the record below. Although plaintiff suggests that the fact that she had a different attorney before the ALJ constitutes good cause for her failure to submit the records at issue, the fact that plaintiff now has new counsel who believes that the additional evidence may support her claim for disability is not grounds for remanding the case under sentence 6. "Such a rule would require the court to order a new beginning in such a matter whenever an applicant acquires a new lawyer with a new idea."

Geyen v. Secretary of Health and Human Services, 850 F.2d 263, 264 (5th Cir. 1988). Moreover, the court notes that one purpose of the "good cause" requirement for sentence 6 remands is " to prevent the claimant from obtaining another 'bite at the apple' in the event of an adverse decision." DeMoss, 706 F. Supp. at 309. Here, plaintiff seems to be seeking a second bite at the apple with a new attorney because she did not prevail before the ALJ with her prior representation. The court does not believe that plaintiff's change of counsel constitutes adequate good cause for a remand in this case.

Because plaintiff cannot show that any of the documents that she submitted for the first time to the Appeals Council are new or material, nor that she had good cause for not presenting them to the ALJ, the court finds that a remand for consideration of those records under sentence 6 is not warranted in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous, and plaintiff has failed to establish any basis for a sentence 6 remand to consider additional evidence that was not before the ALJ and was presented for the first time to the Appeals Council. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Stanley E. Hilton, Esq.
801 Jonnet Building
Monroeville, PA 15146

Michael Colville
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219